898 F.2d 149
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth WARRIX, Defendant-Appellant.
 No. 89-5046.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 19, 1989.
Decided: Feb. 16, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (Criminal No. 88-191-3)
 Paul D. Deaton, for appellant.
 Michael W. Carey, United States Attorney, Joseph F. Savage, Jr., Assistant United States Attorney, for appellant.
 S.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The only issue before us in this case is whether the evidence is sufficient to sustain a conviction for carrying or using a firearm during the commission of a drug felony in violation of 18 U.S.C. Sec. 924(c). The facts are not complicated. The appellant, Kenneth Warrix, was the subject of an undercover investigation into drug trafficking in West Virginia. During that investigation, the appellant purchased two ounces of cocaine from an undercover FBI agent and attempted to purchase 50 pounds of marijuana.* While attempting to purchase the marijuana, the appellant was arrested and searched. The search revealed that the appellant was in possession of a fully loaded 9 mm Derringer firearm.
 
 
 2
 The appellant now contends that because he was convicted of the substantive offense of attempting to possess marijuana on June 24, 1988, his conviction for possession of a firearm while attempting to possess that same bale of marijuana on August 17, 1988, is barred by the prohibition against double jeopardy. This argument is without merit. Section 924(c) constitutes a separate and distinct offense from that of attempt to possess marijuana, an offense codified in 21 U.S.C. Sec. 846. Accordingly, the principle of double jeopardy is inapplicable in this case. All the prosecution need show to sustain a conviction is that the appellant was in possession of a firearm while engaged in drug trafficking. Here, there is ample evidence that the appellant was in violation of Section 924(c) at the time of his arrest, and his conviction is sustained. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process.
 
 
 3
 AFFIRMED.
 
 
 
 *
 The appellant agreed to purchase the marijuana during a June 24, 1988, telephone conversation with an undercover agent but did not arrive to consummate the sale until August 17, 1988